UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KRISNER O. GREEN | CIVIL ACTION |
| VERSUS | NO. 11-2260 |
| PAN AMERICAN LABORATORIES, LLC | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

### ORDER ON MOTION

APPEARANCES:   None (on the briefs)

MOTION:   Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) & 12(b)(6), Record Doc. No. 5

O R D E R E D:

 XXX : DENIED. The Fifth Circuit has explained the Supreme Court's current Rule 12(b)(6) standard under Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), as follows:

> When reviewing a motion to dismiss, we must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" The Supreme Court in Iqbal explained that Twombly promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. First, we must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." Legal conclusions "must be supported by factual allegations."
> 
> Upon identifying the well-pleaded factual allegations, we "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." This is a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Rhodes v. Prince, 360 F. App'x 555, 557-58 (5th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949, 1950; Twombly, 550 U.S. at 555; Gonzales v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)) (citing Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996)).

Plaintiff's complaint, as amended, contains factual allegations, beyond mere conclusions, sufficient to raise his claim for relief above the speculative level. The factual allegations, assuming their veracity, are sufficient to state the asserted causes of action under the Iqbal/Twombly standard. In addition, plaintiff has sufficiently alleged exhaustion of administrative remedies in an EEOC charge, the investigation of which could reasonably be expected to include the asserted claims. See Fine v. GAF Chemical Corp., 995 F.2d 576, 578 (5th Cir. 1993) ("A Title VII cause of action may be based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination."). The amended pleading is sufficient, and defendant must file its answer no later than **February 1, 2012**.

New Orleans, Louisiana, this 18th day of January, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE